# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| Destany Abrams,<br><br>    Plaintiff,<br><br>v.<br><br>Schramm Law Group, P.C.,<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE INDIANA DECEPTIVE CONSUMER SALES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, Destany Abrams ("Destany"), is a natural person who resided in Medaryville, Indiana, at all times relevant to this action.

2. Defendant, Schramm Law Group, P.C. ("SLG"), is an Indiana professional corporation that maintained its principal place of business in Winamac, Indiana, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 et seq. ("IDCSA"), because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

1

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, SLG collected consumer debts.

7. SLG regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. SLG is a "debt collector" that regularly collects consumer debts as defined by 15 U.S.C. §1692a(6).

9. SLG is a "supplier" as defined by § 24-5-0.5-2(a)(3) of the IDCSA.

10. As described, *infra*, SLG contacted Destany to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Destany is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. SLG is composed of attorneys licensed to practice law in Indiana and Illinois.

14. On June 26, 2023, SLG mailed a letter, (hereinafter the "First Letter") to Destany. The First Letter attempted to collect on a debt SLG alleged Destany owed. *See* Exhibit A.

15. SLG's First Letter failed to disclose that SLG was a Debt Collector.

16. SLG's First Letter failed to supply Destany with important information as required by 12 CFR § 1006.34(c) ("Regulation F").

17. For example, the First Letter failed to provide Destany with: (1) an itemization date, (2) the amount of the debt at the time of the itemization date, (3) an itemization of the current amount of the debt that discloses (a) interest, (b) fees, (c) payments and (d) credits.

18. In fact, the only date SLG referenced anywhere on the First Letter was the mailing date of June 26, 2023.

19. Moreover, the First Letter demands payment within the validation period and therefore overshadowed, undermined, and therefore confused Destany as to her federally mandated rights.

20. The First Letter also referenced Destany's lawyer in ways intended to make Destany concerned that she would need to hire a lawyer.

21. For example, the First Letter demanded payment "at once" and explicitly mentioned SLG suing Destany in multiple paragraphs.

22. On information and belief, at the time the First Letter was created, SLG did not intend to sue Destany.

23. Additionally, in the First Letter, SLG attempted to collect unreasonable attorney fees.

24. Additionally, in the First Letter, on information and belief, SLG attempted to collect unauthorized attorney fees.

25. It is the policy, procedure, and practice for SLG to refuse to provide consumers with the information as required by the FDCPA and Regulation F.

26. It is also the policy, procedure and practice for SLG to demand immediate payment from consumers during their federally protected validation period.

27. It is also the policy, procedure and practice for SLG to demand payment of unreasonable and/or unauthorized attorney fees.

28. It is also the policy, procedure, and practice for SLG to threaten legal action against consumers prior to obtaining such authorization from SLG's clients or prior to SLG intending to initiate litigation.

29. It is also the policy, procedure and practice for SLG to use form letter templates that themselves violate Federal Law.

30. SLG followed those policies and procedures in its attempts to collect a debt from Destany.

31. SLG's policies and procedures violate the FDCPA.

32. On July 25, 2023, SLG mailed another letter (hereinafter the "Second Letter") to Destany that again demanded she contact SLG and make payment and again threatened Destany with legal action. *See* Exhibit B.

33. Destany did not contact SLG to make a payment.

34. As of the date this lawsuit was filed, SLG has not initiated a lawsuit against Destany.

35. On information and belief, at the time the Second Letter was mailed, SLG did not intend to initiate a lawsuit against Destany.

36. SLG's Second Letter failed to disclose that it was attempting to collect a debt.

37. SLG's Second Letter failed to disclose that SLG would use any information Destany provided to it to collect the debt.

38. Destany's failure to pay the debt partially arose from the letters themselves because Destany believed it was an attempt to collect inaccurate or improper monies.

39. That harm would further materialize because of SLG's actions, caused Destany to expend time and money, in reliance on the improper content of the letters and the lack of consistent sensible information, to ascertain what her options and possible responses could or should be.

40. Destany was uncertain about the legitimacy of the letters and misled to her detriment by the statements and/or omissions in the letters, and Destany relied on the contents of the letters to her detriment.

41. Destany would have pursued a different course of action were it not for SLG's violations.

42. Because of SLG's actions, the funds Destany could have used to pay all or part of the alleged debt were spent elsewhere.

43. In reliance on the letters, Destany expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

44. SLG's collection efforts with respect to the debt caused Destany to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Destany with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

45. SLG's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Destany's ability to intelligently respond to SLG's collection efforts because Destany could not adequately or informatively respond to SLG's demand for payment of the debt.

46. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of statutory law, the debt collector has harmed the consumer.

47. As a result of SLG's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Destany has been damaged.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

48. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 47 above as if fully set forth herein.

49. A debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA. *See Anchondo v. Anderson,*

*Crenshaw & Associates, L.L.C.,* 256 F.R.D. 661, 671 (D.N.M. 2009); s*ee also Kromelbein v. Envision Payment Sol., Inc.*, 2013 WL 3947109, *7 (M.D. Penn. Aug. 1, 2013)("company policy can be just as much a violation of [FDCPA] as the rogue act of an individual employee. If anything, a company policy that violates the FDCPA is a more egregious transgression because it indicates endemic, rather than isolated, disregard for debtor rights."); *citing Edwards v. Niagara Credit Sol., Inc.*, 586 F. Supp. 2d 1346, 1354 (N.D. Ga. 2008) (awarding maximum damages in part because conduct was company policy, thereby making it routine and frequent).

50. Defendant's policies and procedures, as described, *supra*, constitutes "conduct the natural consequence of which is to harass, oppress, or abuse" consumers.

51. Defendant's practice, therefore, violates Section 1692d of the FDCPA, which provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

*See* 15 U.S.C. §1692d.

52. Because Defendant's practice, in itself, violates the FDCPA, it reflects an intent to harass consumers generally.

53. Defendant's practice, and Defendant's conduct in this particular case also violates Section 1692d of the FDCPA.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

54. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 47 above as if fully set forth herein.

55. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

56. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 47 above as if fully set forth herein.

57. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

58. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 47 above as if fully set forth herein.

59. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff the notice as required within five days of Defendant's initial communication with Plaintiff.

## COUNT FIVE

### Violation of the Indiana Deceptive Consumer Sales Act

60. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 47 above as if fully set forth herein.

61. The IDCSA states, in relevant part:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. § 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.),

including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." I.C. § 24-5-0.5-3(b)(20).

"A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. § 24-5-0.5-4(a)(1)(2).

62. Defendant's collection activity in connection with the Subject Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. § 24-5-0.5-2(a)(1)(C).

63. Defendant engaged in unfair, abusive, and deceptive conduct in its transactions with Plaintiff, in violation of I.C. §§ 24-5-0.5-3(20), violating the FDCPA.

64. Defendant intended that Plaintiff rely on its unlawful behavior in order to procure immediate payment of the debt. As such, Defendant committed a "willful deceptive act" as that term is used and/or contemplated within the IDCSA.

65. Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

66. Plaintiff is therefore entitled to relief pursuant to I.C. § 24-5-0.5-4(a)(1)(2).

## JURY DEMAND

67. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

68. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

b. Judgment against Defendant for statutory damages as provided under I.C. § 24-5-0.5-4(a)(1)(2).

c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: September 7, 2023

By: /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
Hyslip Legal, LLC
207 S. Harrison Street, Suite A
Algonquin, IL 60102
Phone: 614-362-3322
Email: jeffrey@hysliplegal.com

*Attorney for Plaintiff*